PEARSON, MJ

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ROZELL WOODSON, | ) CASE NO.  5:08CV2779 |
| Plaintiff, | ) JUDGE DONALD C. NUGENT |
| v. | ) MAGISTRATE JUDGE |
| | ) BENITA Y. PEARSON |
| KEITH SMITH, *Warden*, | ) |
| | ) **MEMORANDUM OF OPINION** |
| Defendant. | ) **AND ORDER** |

Before the Court is Respondent's Motion to Dismiss, or in the Alternative, to Stay Proceedings. ECF No. 9. Based upon the record before it and applicable law, Respondent's motion to dismiss is denied. The motion to stay is granted. The Court's reasoning is provided below.

**I. Relevant Factual and Procedural History**

On April 27, 2007, the Wayne County Court of Common Pleas found Petitioner Woodson guilty of complicity to possession of crack cocaine, a felony of the second degree, in violation of R.C. 2925.11, and guilty of obstructing official business, a felony in the fifth degree, in violation of R.C. 2921.3. ECF No. 9-1 at 53.  In March of 2008, Woodson unsuccessfully appealed his convictions to Ohio's Ninth District Court of Appeals and, subsequently, the Supreme Court of Ohio denied review. ECF No. 9 at 2. Thereafter, on November 25, 2008, Woodson filed a petition seeking a writ of Habeas Corpus pursuant to Title 28, United States

(5:08CV2779)

Code Section 2254. ECF No. 1. In the petition, Woodson, among other things, alleged to have completely exhausted his state remedies for each of his grounds for relief. ECF No. 1.

Prior to judgment being rendered in federal court on his habeas corpus petition, Woodson filed a *pro se* petition in State court to vacate his sentence as void for improper post- release control notice. ECF No. 9-1 at 13. The State court granted Woodson's motion and he was re-sentenced on March 24, 2010. ECF No. 9 at 2.

On April 5, 2010, Woodson appealed his judgment upon re-sentencing. ECF No. 9-1 at 65. On May 6, 2010, Woodson moved the State appellate court to include the record of his prior appeal from the March 2008 state proceedings. ECF No. 9-1 at 65. The State appellate court's granting of this motion had the dual effect of (1) enabling the appellate court to reconsider the merits of his grounds for relief in his first appeal; and, (2) enabling Woodson to seek additional state remedies, thereby causing many of his federal claims to become unexhausted. [1]

Realizing that certain grounds for relief presented in the federal habeas petition were now being reconsidered by the State appellate court, on August 5, 2010, Respondent moved to dismiss, or in the alternative, stay proceedings relative to Woodson's Habeas Petition. ECF No. 9. On August 17, 2010, the Court ordered Petitioner Woodson to file a response. ECF No. 10. Woodson, however, has been unresponsive to the Court's request. Accordingly, Respondent's motion remains unopposed. For the reasons below, Respondent's motion to dismiss, or in the

---

[1] In Petitioner Woodson's memorandum in support of his motion to amend his Notice of Appeal, Woodson argued that he has authority to reintroduce claims to the state court that were previously ruled upon based on a recent change to case law. He argued that *State v. Harmon* allows for appellate court review of trial errors following re-sentencing. 2009 WL 2768020 (Ohio Ct. App. 9d 2009).

(5:08CV2779)

alternative, to stay proceedings, is denied in part, and granted in part.

## II. Law

It is well settled that state prisoners must exhaust their State remedies prior to raising claims in federal habeas corpus proceedings. *See* 28 U.S.C. § 2254(b)-(c); *Rose v. Lundy*, 455 U.S. 509, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982). This requirement is satisfied "when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims." *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).

Generally, a petition must be dismissed for lack of exhaustion if it contains even one unexhausted claim. *See Lundy*, 455 U.S. 509, 518-20. However, stays are permitted in limited circumstances. A federal court does have the discretion to grant a stay and hold the federal proceedings in abeyance pending the exhaustion of the unexhausted claims in a habeas petition if the petition also contains exhausted claims. (*i.e.,* "mixed petition"). *See Rhines v. Weber*, 544 U.S. 269, 273-75 (2005).

Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, a stay, with respect to a mixed case petition, is only appropriate when the district court determines that (1) the petitioner had "good cause" for his failure to exhaust, (2) his unexhausted claims are "potentially meritorious," and (3) there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. Moreover, for a district court to deny a stay when the above criteria are met would be considered an abuse of discretion. *Id.* at 278; s*ee Lundy*, 455 U.S. at 522.

(5:08CV2779)

Even where a stay and abeyance is appropriate, the district court's discretion in structuring the stay is limited. A mixed petition should not be stayed indefinitely, but instead the court should explicitly condition the stay on the prisoner's pursuit of state court remedies with a brief interval in the federal proceedings. If a petitioner engages in abusive litigation tactics or intentional delay, the district court should not grant a stay. *Rhines*, 544 U.S. at 278.

### III. Legal Analysis

In a rather unusual maneuver, Respondent requests that the Court grant a motion to dismiss or, in the alternative, stay the federal habeas proceedings because Woodson's brief pending in the State appellate court presents a substantial overlap of issues that are also contained in his federal habeas corpus petition. While Respondent's foremost request to dismiss Woodson's habeas corpus petition is duly noted, the Court has determined that Respondent's alternative request to grant a stay and abeyance is better suited to the facts of this case, and is more closely aligned with the judiciary's interest in efficiency, economy, and fairness. *See generally Cunningham v. Hudson*, 2007 WL 496641 (N.D. Ohio 2007) (using a standard articulated in *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936), finding that the judiciary's interest in efficiency, economy, and fairness is an appropriate factor to consider when granting a stay).

Although the Court has yet to determine whether Woodson's petition is timely, the possibility that a petitioner would be barred from pursuing federal review is of grave concern to the Court and is principal in its decision making to grant a stay. Given the strict time limitations with respect to filing a petition for federal habeas corpus relief imposed under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a strong likelihood exists that if the Court

(5:08CV2779)

grants dismissal, as initially requested by Respondent, Woodson would be time-barred from seeking a federal remedy. In fact, it is for this precise circumstance that the Supreme Court has authorized courts to stay habeas corpus petitions. *See Rhines*, 544 U.S. at 275.

But, the Supreme Court has also indicated that even in situations where petitioners bring forth mixed petitions and run the risk of forever losing their opportunity for federal review, a district court may only grant a stay when (1) the petitioner has "good cause" for failing to exhaust his state remedies, (2) the unexhausted claims are "potentially meritorious," (3) and there is no indication that the petitioner intentionally engaged in dilatory litigation tactics. *Id.* at 278. The record before the Court reflects that the Petitioner established "good cause" for failing to exhaust his state remedies, has "potentially meritorious" claims, and has not intentionally engaged in dilatory litigation tactics.

### 1. Granting a Stay under *Rhines*

#### A. Good Cause

Neither the Supreme Court or the Sixth Circuit Court of Appeals has provided much guidance as to what constitutes good cause for failing to exhaust state remedies in stay and abeyance proceedings. The Supreme Court has indicated, in dicta, that "a petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute good cause." *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005). Federal courts, however, have failed to reach a consensus on the matter and have delineated their own boundaries in structuring the good cause requirement. Several district courts have adopted a good cause standard that is also required to overcome procedural defaults, finding good cause only when a petitioner could demonstrate that

(5:08CV2779)

there was some objective factor, external to the petitioner, that prevented exhaustion of state claims. *See Hernandez v. Sullivan*, 397 F. Supp. 2d 1205, 1206-07 (C.D. Cal. 2005) (finding that petitioner lacked good cause by comparing cause for procedural default and determining that petitioner could not demonstrate that his failure to exhaust was based on an external objective factor, not attributed to him); s*ee also Riner v. Crawford*, 415 F.Supp.2d 1207, 1209-11 (D. Nev. 2006) (providing an analysis of cases discussing the good cause definition in stay and abeyance proceedings).

Other federal courts have devised a less stringent rule. The Ninth Circuit Court of Appeals has not given explicit instructions on the issue, but instead concluded that a showing of good cause did not require a showing of extraordinary circumstances. *See Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005). Some district courts only require a petitioner to demonstrate a legitimate reason for failure to exhaust. *See Henry v. McDonough*, 2009 WL 762219, *3-6 (S.D. Fla. 2009) (denying stay, in part, where petitioner could not demonstrate a legitimate reason for failing to raise unexhausted claims during state appeal process); *see also Cueto*, 2010 U.S. Dist. Lexis 44819 at *45-46. While other courts have found it relevant to examine the petitioner's existing efforts in pursuing the unexhausted claims in state court when conducting a good cause assessment. *See Rey v. New Jersey*, 2007 WL 2600748 *4 (D. N.J. 2007) (finding petitioner lacked good cause, in part, based on petitioner's failure to suggest that he pursued unexhausted claims in state court); *see also Cueto*, 2010 U.S. Dist. Lexis 44819 at *47-48.

Pursuant to the Ninth Circuit Court of Appeal's pronouncement that establishing good cause need not require an "extraordinary"event, and other federal courts' less stringent

-6-

(5:08CV2779)

assessment of good cause, Woodson succeeds in establishing good cause.  The record before the Court indicates that Woodson has a legitimate reason for failing to exhaust his state remedies.  The record reflects that Woodson took affirmative steps to comply with the exhaustion requirement, and at one time, was even successful.  Moreover, his state remedies would have remained exhausted but for external factors causing his re-sentencing.

Additionally, the Court, likewise, finds it significant that Woodson has existing efforts underway to exhaust his State remedies.  The stay and abeyance that Respondent has requested would enable Woodson to exhaust several unexhausted claims currently pending in State court.  This is in contradistinction to a request to the Court to allow Woodson to pursue a new claim--one that is not before this Court--in a new state proceeding, which would be an inappropriate justification for granting a stay.  See *Phillips v. Smith*, 2010 U.S. Dist. Lexis 15356 at *4 (N. D. Ohio 2010).  Furthermore, considering that the Supreme Court indicated, albeit *dicta*, that a petitioner's own confusion is enough to establish good cause, surely the facts surrounding this case suffices as such.

### B.  Potentially Meritorious

The record reflects that Woodson's claims are potentially meritorious in that none of his claims are plainly without merit.  See *Rankin v. Norris*, 2009 U.S. Dist. Lexis 60259 (E.D. Ark. July 8, 2009) (holding in part, that petitioner's unexhausted claims are potentially meritorious because none of his claims are "plainly without merit", without any analysis of the merits of the claim); *see also Cueto v. McNeil*, 2010 U.S. Dist. Lexis 44819 (S.D. Fla. March 12, 2010) (stating that "in determining whether unexhausted claims are 'potentially meritorious,' a court

-7-

(5:08CV2779)

does not weigh or even consider the evidence in the case"). Therefore, the Court finds that Woodson meets all of the elements required.

### C. Intentional Dilatory Litigation Tactics

Additionally, the record does not indicate that Petitioner engaged in deliberate dilatory litigation tactics. In this instant matter, based upon the somewhat fluid standards discussed above, Woodson has successfully demonstrated that his failure to exhaust state remedies resulted from external objective factors that cannot fairly be attributed to him. The record reflects that Woodson's claims became unexhausted largely as a result of mandatory re-sentencing due to State action. Woodson could not reasonably have anticipated or orchestrated a recent change in State case law that would enable him to receive additional State appellate review. Therefore, the burden of any resultant litigative delay cannot be laid at his feet.

### 2. Granting a Stay for Judicial Economy and Efficiency

Respondent's motion to stay should also be granted in the interest of judicial economy and efficiency. *See generally Cunningham*, 2007 WL 496641 at *2 (holding in part, to grant a stay because it aligned with the interests of judicial efficiency, economy, and fairness). A stay in this instance preserves judicial resources by reducing the time the Court will, perhaps unnecessarily, spend resolving issues of timeliness. Moreover, because the State court has already granted Woodson appellate review, it remains quite possible that the State court may issue (1) a favorable decision or (2) an alternate remedy that could potentially interfere with this instant matter, rendering federal review moot. *Id.*

(5:08CV2779)

### IV. Conclusion

For the reasons provided above, the Court denies in part, and grants in part, Respondent's Motion to Dismiss, or in the Alternative, to Stay Proceedings. Given that issues substantially overlapping those in Woodson's petition for a writ of habeas corpus are pending in State court, the stay is granted on the condition that Woodson seek reinstatement on the federal Court's active docket within thirty (30) days of fully exhausting his State court remedies.

Accordingly, the petition for a writ of habeas corpus is stayed. And, Woodson is granted leave to reinstate that petition on the Court's active docket within thirty (30) days of exhausting his state remedies.[2]

IT IS SO ORDERED.

September 23, 2010             s/ *Benita Y. Pearson*
Date             United States Magistrate Judge

---

[2] *Id*; *see also* Rhines, 544 U.S. 269, 278 (holding that district courts "should explicitly condition the stay on the prisoner's pursuing state court remedies within a brief interval, normally 30 days, after the stay is entered and returning to federal court within a similarly brief interval, normally 30 days after state court exhaustion is completed").